UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIOVANNI TRIPPLETT,<br><br>                          Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,<br><br>                          Respondent. | Case No.:  26-cv-1087-WQH-DEB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

HAYES, Judge:

Jiovanni Tripplett ("Petitioner"), currently incarcerated at the George Bailey Detention Facility and proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons discussed below, the Court **DISMISSES** the case without prejudice.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has not paid the $5.00 filing fee and has not moved to proceed *in forma pauperis*. Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed *in forma pauperis*, *see* R. 3(a), Rules Governing Section 2254 Cases (2019), this case is subject to dismissal for failure to satisfy the filing fee requirement.

/ / /

1

## FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner fails to name a proper respondent.  In federal habeas cases, a state prisoner must name the state officer having custody of them as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing R. 2, Rules Governing § 2254 Cases (2019)). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

"[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting R. 2, Rules Governing § 2254 Cases (2019), advisory committee's note). Petitioner has named "San Diego County Sheriff's Department" as Respondent. For the Court to proceed, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is currently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE HABEAS CORPUS CLAIM

The Petition is also subject to dismissal because a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claim Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Here, Petitioner indicates that the Petition concerns "prison discipline" rather than a challenge to Petitioner's conviction or sentence. (ECF No. 1 at 2.) Specifically, Petitioner

alleges that a jail deputy, Corporal Rodriguez, "exhibited racial and gender bias against me" and subjected Petitioner to cruel and unusual punishment; Petitioner requests the deputy "be transferred and a stay away order." *Id.* at 3. This claim is not cognizable on habeas because it is unclear how it challenges the constitutional validity or duration of Petitioner's confinement. *See* 28 U.S.C. § 2254(a).

Because Petitioner's challenge appears to be only to the conditions of confinement and not to the fact or length of Petitioner's custody, the claim is not cognizable on habeas corpus review and must instead be brought, "if at all," pursuant to 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983.") (quoting *Preiser*, 411 U.S. at 487 and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

### POTENTIAL CONVERSION TO SECTION 1983[1]

The Court also finds the Petition is not amenable to conversion to a civil rights action pursuant to 42 U.S.C. § 1983, as Petitioner names the San Diego Sheriff's Department as Respondent and identifies the deputy purportedly involved only in the body of this pleading rather than naming that individual as a defendant. *See* ECF No. 1 at 3; *Nettles*, 830 F.3d at 936 ("'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'") (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and

---

[1] The Court also notes that a habeas action involves a significantly different requisite filing fee than a civil action. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). Meanwhile, "on application for a writ of habeas corpus the filing fee shall be $5." *Id.*

26-cv-1087-WQH-DEB

responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)).

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the instant habeas case without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent on federal habeas corpus, and failure to state a cognizable habeas corpus claim.  The dismissal is also without prejudice to Petitioner raising this challenge in a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.

***The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application and a blank 42 U.S.C. § 1983 Civil Rights Complaint form together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated:  February 27, 2026

Hon. William Q. Hayes
United States District Court